IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES A. LUCAS,

        Petitioner,

v.                                                                   Case No. 2:05-cv-61
                                                                          (Judge Maxwell)

THOMAS MCBRIDE, Warden,

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

On August 9, 2005, the Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. On September 13, 2005, petitioner supplemented his petition with an exhibit. On September 16, 2005, the undersigned conducted a preliminary review of the petition and determined that summary dismissal was not warranted. Therefore, the respondent was directed to file an answer.

On October 13, 2005, the respondent filed a Motion to Dismiss the Petition as Successive and Memorandum in Support. The petitioner filed a "Rebuttal to the State's Motion to Dismiss" on October 27, 2005, and the respondent filed a "Reply to Petitioner's Rebuttal" on November 3, 2005. Petitioner then filed a "Response to the State's Reply" on November 17, 2005 and a Motion for Summary Judgment on December 19, 2005. Accordingly, this matter, pending before me for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., is ripe for review.

### I. Conviction and Sentence

As set forth in the petition, the petitioner was convicted on September 28, 2000, of three counts of sexual abuse of a child in the Circuit Court of Marion County, West Virginia. As a

result, on November 20, 2000, petitioner was sentenced to an aggregate term of 65-135 years of imprisonment. Petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals on June 4, 2001. His appeal was refused on November 5, 2001.

On March 18, 2002, the petitioner filed a post conviction habeas petition in the Marion County Circuit Court asserting 16 grounds for relief. On June 14, 2004, petitioner received word that his state habeas petition had been denied. Petitioner appealed the denial of his state habeas petition to the West Virginia Supreme Court of Appeals on at least two separate occasions. Petitioners' appeals were refused. Petitioner filed numerous other documents with the courts of the State, all of which were refused or denied. This case soon followed.

## II. Respondent's Motion to Dismiss

In the motion to dismiss, the respondent asserts that the petitioner filed a federal habeas petition on December 17, 2001. See case no. 1:01-cv-191. Because that case was dismissed with prejudice by the District Judge on June 26, 2002, the instant habeas petition is successive under 28 U.S.C. § 2244(b) and should be dismissed.

## III. Petitioner's Rebuttal

In his rebuttal to the State's motion to dismiss, petitioner asserts that the respondent's successive petition argument is not valid. Petitioner alleges that the instant petition is not successive and does not warrant dismissal. Specifically, petitioner asserts that although both petitions are related to his 2000 Marion County conviction, the first petition was not an attack on that judgment. Instead, his "first" habeas petition was merely an attempt to force the State of West Virginia to allow him access to the grand jury for the purpose of bringing perjury charges against Detective Doris James. Moreover, petitioner asserts that he could not have raised the

2

claims raised in the instant petition, in his "first" petition because he was in the process of exhausting his state court remedies at that time.[1]

### IV.  Petitioner's Motion for Summary Judgment

On December 13, 2005, petitioner filed a motion for summary judgment as to ground one of his petition.  In the motion, petitioner asserts that the respondent has not disputed his claim that Detective Doris James of the Marion County Sheriff's Office offered fraudulent or perjured testimony.  Thus, petitioner asserts that there is no genuine issue of material fact as to this claim and that he is entitled to judgment as a matter of law.

### V.  Standard of Review

Title 28 U.S.C. § 2244 (b) provides that:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Because the Court is required to dismiss a second or successive § 2254 petition unless

---

[1] The respondent's reply to the petitioner's rebuttal, and the petitioner's response to that reply, basically reargue these same issues.  Therefore, I will not address them in more detail in this Order.

certain exceptions apply, the threshold question in this case is whether or not the instant petition qualifies as a "second or successive" petition under § 2244(b). See Stewart v. Martinez-Villareal, 523 U.S. 637, 642 (1998). However, § 2244(b) does not define what constitutes a "second or successive petition."

"That a prisoner previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'" Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (quoting Hill v. Alaska, 297 F.3d 895, 898 (9th Cir. 2002)). "Rather, the phrase 'is a term of art given substance . . . in prior habeas corpus cases.'" Id. (quoting Slack v. McDaniel, 529 U.S. 473, 486 (2000)). "Whether a later petition is considered 'successive' is guided by abuse of the writ principles." Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003) (citing Crouch v. Norris, 251 F.3d 720, 723-724 (8th Cir. 2001)).

The abuse of the writ doctrine "refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." McCleskey v. Zant, 499 U.S. 467, 489 (1991). Under this common law doctrine, the Court "need not entertain a petition that abuses the habeas process." Esposito v. Ashcroft, 392 F.3d 549, 550 (2d Cir. 2004). The primary concerns behind the doctrine are judicial economy, finality of judgments, and the avoidance of piecemeal litigation. McCleskey, 499 U.S. at 491. Thus, "the abuse of the writ doctrine generally precludes inmates from relitigating the same issues in subsequent [habeas] applications, or from raising new issues in subsequent habeas petitions." Griffin v. United States Parole Comm., 2003 WL 23961840 (E.D.Va. Nov. 19, 2003) (citing 28 U.S.C. § 2244(a) and McCleskey v. Zant, supra). Accordingly, the dismissal of a first federal habeas petition "is of 'vital relevance' to later court determinations of whether to

4

consider similar petitions, and may be given 'controlling weight.'" Abdel-Whab v. Ridge, 2005 WL 551352 (E.D.Pa. March 3, 2005) (quoting McCleskey, 499 U.S. at 482).

## VI. Analysis

On December 17, 2001, petitioner filed a pro se "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" in this Court. See 1:01-cv-191. In the petition, the petitioner stated that he was convicted in Marion County West Virginia of two counts of Sexual Assault, two counts of Sexual Abuse by a Guardian, and Two Counts of incest, for which he received an aggregate prison term of 55-135 years. Petitioner stated that his direct appeal of his conviction and sentence was pending at that time. Petitioner also stated that he filed a Petition for Writ of Mandamus in the Supreme Court of West Virginia alleging that the Circuit Court abused its discretion by denying him access to the Marion County Grand Jury.

In his attached grounds and statement of facts, petitioner asserted that he filed a request with the Circuit Court of Marion County to appear before the Grand Jury for the purpose of bringing criminal charges against Detective Doris James. Petitioner alleged that he had evidence showing that during his criminal proceedings, Detective James, the lead investigator in his case, committed perjury before the Grand Jury in order to obtain an indictment against petitioner. Petitioner wanted to present this evidence to the grand jury for the purpose of bringing criminal perjury charges against Detective James. However, under state law, in order for a citizen to present evidence of criminal behavior to the Grand Jury, he must first obtain permission to do so from the Circuit Court.[2] Petitioner sought such permission, but was refused. Therefore, he filed

---

[2] West Virginia Constitution, Article III, § 17 provides that "by application to the circuit judge, whose duty it is to insure access to the grand jury, any person may go to the grand jury to present a complaint to it."

a Writ of Mandamus with the Supreme Court of West Virginia seeking an Order compelling the Circuit Court to allow him to present his evidence to the Grand Jury. The Supreme Court of West Virginia denied petitioner's mandamus request. Accordingly, petitioner filed a petition for writ of habeas corpus in this court challenging the Circuit Court's denial of his request to appear before the Grand Jury and the Supreme Court's denial of his writ of mandamus.

Petitioners' "first" federal habeas case was assigned to me for an initial review and report and recommendation in accordance with the local rules and standing Orders of this Court. Upon a review of the petition, I determined that the petitioner's request to go before the Grand Jury was a matter of state law and not cognizable on federal habeas review. Thus, I found that this Court could not review petitioners' claim that the State Court's abused their discretion in denying his request to appear before the Grand Jury and in denying his writ of mandamus. Moreover, I found that to the extent that petitioner was attempting to challenge his underlying conviction and sentence, those claims were not exhausted and should be dismissed as premature.

On June 26, 2002, the District Judge assigned to the case, the Honorable Irene M. Keeley, issued an Order affirming my report and recommendation and dismissing petitioners' "first" federal habeas petition. In doing so, Judge Keeley found that a federal court could only rule on federal constitutional and federal statutory claims on habeas review. Therefore, petitioner could not seek review of the State's denial of his request to appear before the Grand Jury, or denial of his writ of mandamus, in this court. In addition, Judge Keeley noted that I also recommended dismissal for the failure to exhaust state remedies. However, with regard to that issue, Judge Keeley found that even if petitioners' <u>mandamus</u> claim was exhausted, it did not raise a federal issue and should be dismissed. Judge Keeley did not specifically address whether

6

or not it was appropriate for the Court to consider any perceived challenge to petitioners' underlying conviction and sentence at that time. Therefore, petitioners' "first" federal habeas petition, challenging the State Court's denial of his request to appear before a Grand Jury and denial of his writ of mandamus, was dismissed <u>with</u> <u>prejudice</u>.

In his "second" federal habeas petition, the petitioner challenges his underlying conviction and sentence for sexual assault. Petitioner asserts 16 grounds for relief, including lack of jurisdiction, a defective indictment, ineffective assistance of counsel, judicial bias and prosecutorial misconduct. In response to the petition, the State asserts that this petition is "second or successive" because petitioners' "first" federal habeas petition challenged his underlying conviction and sentence, was decided on the merits, and was dismissed with prejudice. I disagree.

Petitioners' "first" federal habeas petition, although based on facts related to his underlying conviction and sentence, did not challenge the underlying conviction and sentence. Petitioners' "first" federal habeas petition was a challenge to the Circuit Court's denial of his request to appear before the Grand Jury and the Supreme Court of West Virginia's denial of his writ of mandamus. Moreover, in my report and recommendation in that case, I noted that to the extent petitioner was attempting to raise a challenge to his underlying conviction and sentence, those claims were not exhausted and should be dismissed as premature. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. at 485-486 (a petition raising claims that were previously dismissed for the failure to exhaust state remedies is not second or successive).

The fact that the District Judge dismissed petitioners' "first" federal habeas petition with prejudice is inapposite. The District Judge addressed only petitioners' challenge to the Circuit

Court's denial of his request to appear before the grand jury and the Supreme Court's denial of writ of mandamus. The District Judge did not address any perceived attempt on petitioner's part to challenge his underlying conviction and sentence. Therefore, with respect to the Circuit Court's denial of his request to appear before the Grand Jury, and with respect to the Supreme Court of West Virginia's denial of his petition for writ of mandamus, petitioner is precluded from raising those claims in a second or successive habeas petition. However, petitioner is not precluded from raising a timely challenge to his underlying conviction and sentence, provided those claims are now fully exhausted in state court.

Although this is the second time the petitioner has asked the federal court to provide him habeas corpus relief, this is the first time petitioner has sought habeas corpus relief with regard to his underlying conviction and sentence. Therefore, the undersigned does not find the instant petition vexatious or an abuse of the writ. Simply put, a careful review of the two cases shows that the instant petition is not truly a second or successive petition. Moreover, the undersigned does not believe that this is a circumstance § 2244(b) was intended to prevent. To hold otherwise would bar the petitioner from ever obtaining habeas review on his underlying conviction and sentence based on an inartfully plead "first" federal habeas petition filed by a pro se litigant. I find such a result perverse.

## VII. Recommendation

For the reasons set forth in this Order, it is recommended that the respondent's Motion to Dismiss Petition as Successive (Doc. 8) be DENIED and the respondent be made to answer the petition. Additionally, because the respondent timely filed a responsive pleading raising a jurisdictional issue, and reserving its right to file an answer if the Court denies it relief, it is

recommended that petitioners' Motion for Summary Judgment (Doc. 12) be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[3]

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

Dated: March 6, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).